RAISIN and others *v.* STATHAM.[1]

*(Circuit Court, S. D. Georgia, W. D.   1884.)*

MISTAKE AND ABUSE IN THE EXECUTION OF PROCESS—POWER OF A COURT OF LAW TO CORRECT—CONFLICT OF JURISDICTION.

An execution issued upon a judgment of a state court for the purchase money of land was levied upon the land. It was sold at public sale by the sheriff, and purchased by B. & B., who took the sheriff's deed, and were put in possession by him. A United States marshal, with notice of this prior levy, levied an execution issued upon a common-law judgment against the same defendant upon the land, sold it the same day, ousted the purchasers at the sheriff's sale, and put the purchaser at his own sale in possession. Under the state laws, the former judgment was a paramount lien upon the land; and an officer, in giving possession to a purchaser at judicial sale, is prohibited from ousting persons holding under a title independent of the defendant in the process. *Held*, under these facts, that there was such mistake in the execution of the process of the court as, if uncorrected, would amount to abuse, oppression, and injustice, and the court, in the exercise of its equitable powers over its process, ordered the marshal's sale to be set aside, and the property restored to the persons put out of possession.

1 Reported by Walter B. Hill, Esq., of the Macon, Georgia, bar.

The petition of Blanchard & Burrus, filed as a petition *pro interesse suo*, and ancillary to said case, which had proceeded to judgment and execution, set up the following facts substantially:

That on the thirty-first day of March, 1884, J. F. Rushin, the sheriff of Marion county, in said division, levied a certain execution, issued from the superior court in said state, (the same being a court of original and competent jurisdiction,) in favor of themselves, as the transferees and owners of said execution, against M. G. Statham, on 800 acres of land, describing the same as the property of said M. G. Statham. Said execution issued from a decree in the state superior court against said M. G. Statham, in favor of K. L. Worthy, the same being a decree for the balance due of purchase money of said land levied on, and which execution, together with the decree upon which it issued, was afterwards, to-wit, on the eighth day of March, 1884, for a valuable consideration, to-wit, the principal and interest due thereon, transferred and assigned to them. Said decree was obtained at the April term, 1882, of said state superior court, and was, from its date, under the laws of Georgia, not only a lien against all the property of said M. G. Statham, but a special lien and judgment *in rem* upon the said property so levied on, and which was set out in said decree. The levy of said execution was duly and regularly advertised, and on the sixth day of May, 1884, being the regular day of execution sales, was sold by said sheriff, and purchased by Blanchard & Burrus for the sum of $1,715. In pursuance of said sale, said sheriff, on the same day, executed a sheriff's deed to them, and proceeded to put and did put them in possession of said premises, and they thereupon rented the same to E. A. Perkins, who continued their tenant in the actual and exclusive possession thereof until on or about the twenty-fourth day of May, as hereinafter set forth.

On the fifth day of April, 1884, six days later than the levy aforesaid, and after full and actual notice given to the United States marshal of said sheriff's levy on March 31, 1884, said marshal, by his deputy, levied upon the said described property under and by virtue of an execution issued from the circuit court of the United States for the Southern district of Georgia, upon a judgment at common law, obtained at the November term, 1883, thereof, in favor of *R. W. L. Raisin & Co.* v. *M. G. Statham.* Afterwards, on said sixth day of May, 1884, said marshal, within two minutes after the opening of the legal hours of sale, sold said property, consisting of 800 acres of land, and being worth several thousand dollars, for the sum of fifty dollars. The same was bid off by Mary E. Hart, who had notice by and through her agents of said sheriff's levy and advertisement; and afterwards, on the twenty-fourth day of May, 1884, said marshal, by his deputy, dispossessed Blanchard & Burrus of said premises by turning out their tenant, Perkins, against his protest and claim of right thereto, and put one Ross in possession as the tenant of said Hart.

The petition averred that the levy and sale by said marshal and the putting of said Hart into possession was an abuse of the process of said court; was a manifest injustice and oppression; was both illegal and inequitable; for that—*First*, said levy by said sheriff was exclusive. The *res* in controversy became thereby *in custodia legis*, and the levy by said marshal, after said sheriff's levy and with notice thereof, was absolutely void, and the sale thereunder a mere nullity, from which no rights, legal or equitable, accrued to said Hart. *Second*, because the lien of the decree, upon which was issued the execution under which Blanchard & Burrus purchased, was prior in time, dignity, and lien to that of the judgment on which said *fi. fa.* of Raisin & Co. was issued; and the sale under said state court *fi. fa.* divested, not only the interest and title of said defendant Statham, but also divested the lien of the inferior judgment of said Raisin & Co. *Third*, petitioners and their tenant, Perkins, did not claim under said defendant Statham, and said marshal was only authorized under said execution to dispossess the defendant Statham and those holding under him.

The prayer was that, in consideration of the premises, and by virtue of the inherent power in said court to control its processes and its officers in the execution thereof, so as to prevent abuse, injustice, oppression, and inequitable advantage, that the marshal's sale to said Hart be set aside and annulled, and declared void; that the marshal restore petitioners to possession of said premises immediately upon the order of the court being made as prayed for.

The answer of the respondents admitted the facts of the petition, but relied on the United States marshal's deed which was attached to the answer, and the fact of possession under the deed.

Various affidavits were submitted by petitioners to the effect that immediately after acquiring possession under the sheriff's deed they had, through their tenant, hired many hands, stocked the place with mules, and gone to great expense in order to make a crop; that great loss would ensue unless they were immediately restored to possession.

*W. B. Butt, Hill & Harris,* and *W. A. Hawkins,* for petitioners.
*S. A. Darnell,* for Hart.

LOCKE, J., (*orally.*) The form of the proceeding adopted by the petitioners in this case is substantially that suggested by the United States supreme court in the case of *Krippendorf* v. *Hyde,* 110 U. S. 276, 283; S. C. 4 Sup. Ct. Rep. 27. That is a case involving personal property, while real estate only is involved in the case at bar; but the principle so strongly enunciated in the decision—that every court has power to control its own officers so as to prevent manifest mistake in the execution of its own process and abuse of that process—is applicable to all property which may become the subject-matter of that abuse. The *species* of property involved does not suggest any ground of distinction; the fact which determines the appli-

cation of the rule is simply the mistaken or wrongful execution of the court's process. The filing of a bill on the equity side of the court, while, perhaps, in most cases the most appropriate form of proceeding, is not necessary. "The equitable powers of *courts of law* over their own process, to prevent abuse, oppression, and hardships, are inherent, and equally extensive and efficient." *Krippendorf* v. *Hyde*, *supra*. The petition in the case, however, is filed as a petition *pro interesse suo*, which is an equitable proceeding in its character. It is, of course, true that the custody which the law takes of personal property through a levy is very different from the constructive seizure of a levy upon the land; but it would seem that the judicial comity which seeks to prevent conflict between the state and federal courts may be appealed to where the officer of the latter has imposed upon a tract of land a levy, after full notice, both to himself and the plaintiff in the process, of a prior levy by the officer of the state court, made by virtue of process having a superior lien, and has sold it under the circumstances mentioned in the petition, and summarily dispossessed the purchasers who bought at the sale by the officer of the state court, and who had been put in possession by him.

Under the Georgia statute the decree for unpaid purchase money against the defendant and against the property in question, upon which the execution owned by petitioners issued, confers a superior lien to that of a general judgment at law against the same defendant. Code, §§ 3586, 3654.

The state statute, as to the right of an officer to put a purchaser in possession of land bought at judicial sales, is as follows: "He may dispossess his defendant in the process, or his vendees or lessees of younger date than the judgment upon which the process issues; *but he may not dispossess other tenants claiming under an independent title.*" Code, § 2624. It is not disputed that petitioners, or their tenant, Perkins, claimed under a title independent of Statham; that he claimed under a sheriff's deed at a regular judicial sale under process, having a lien upon the land superior to every lien but that of taxes. The United States marshal could have no greater rights in putting a purchaser in possession than the sheriff had. Rev. St. § 916. It is clear, therefore, that there has been mistake in the execution of the process of the court; such mistake as, if permitted to stand, would result in an abuse of process, and injustice and oppression through that abuse.

The supreme court of this state (Georgia) has recently passed upon the main question involved in the case. They lay down the rule as follows:

"Courts have full power over their officers and their acts in making execution sales, so far as to correct wrong and abuses, errors, irregularities, mistakes, omissions, and frauds; and whenever they are satisfied that a sale made under process is infected with fraud, irregularity, or error, to the injury of either party, or that the officer selling is guilty of any wrong, irregularity, or

breach of duty, to the injury of the parties in interest, or either or any of them, the sale will be set aside." *Parker* v. *Glenn*, Feb. term, 1884.

Numerous cases upon the same subject will be found cited in *Mobile Cotton Press & Building Co.* v. *Moore*, 9 Porter, (Ala.) 679. The court will therefore grant an order setting aside the sale by the marshal, under which the respondent Hart claims, and commanding the marshal to restore the property to the persons dispossessed of the same by him.